[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14118
Non-Argument Calendar
_____

D.C. Docket No. 3:16-cv-00579-HES-JRK

CARLTON MATHEWS,

Plaintiff-Appellee,

versus

OFFICER J. WETHERBEE,
SERGEANT MA COULTER #7533,
OFFICER D. BRABSTON,

Defendants-Appellants,

J.C. BENOIT,
Lieutenant, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 31, 2020)

Before MARTIN, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

Jeffrey Wetherbee, Dale Coutler, and Derek Brabston appeal the district court's denial of their motion for summary judgment on the basis of qualified immunity. On appeal, they argue that the district court erred in not viewing the evidence from the perspective of a reasonable officer. They also argue that the district court erred in not conducting an individualized qualified immunity analysis for each officer.

We review *de novo* a district court's ruling on summary judgment, including the district court's decision to deny qualified immunity. *Lee v. Ferraro*, 284 F.3d 1188, 1190 (11th Cir. 2002). On summary judgment, a district court's denial of qualified immunity is an immediately appealable collateral order, provided that it concerns solely the pure legal decision of (1) whether the implicated federal constitutional right was clearly established and (2) whether the alleged acts violated that law. *Koch v. Rugg*, 221 F.3d 1283, 1294 (11th Cir. 2000). The appeal must "present a legal question concerning a clearly established federal right that can be decided apart from considering sufficiency of the evidence relative to the correctness of the plaintiff's alleged facts." *Id.*

Section 1983 prohibits officials acting under color of state law from depriving another of their constitutional rights. 42 U.S.C. § 1983. As noted more fully *infra*,

2

a pretrial detainee has a right under the Fourteenth Amendment to not be exposed to excessive force, in accordance with binding precedent. *See Patel v. Lanier County Georgia*, 969 F.3d 1173, 1181-82 (11th Cir. 2020).

Qualified immunity, however, protects a defendant from liability in a § 1983 claim arising from discretionary acts, "as long as [those] acts do not violate clearly established . . . constitutional rights of which a reasonable person would have known." *Jackson v. Sauls*, 206 F.3d 1156, 1164 (11th Cir. 2000). Once an official demonstrates that he was performing a discretionary function, the plaintiff must show that the defendant is not entitled to summary judgment on qualified immunity grounds. *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004).

In cases with multiple named defendants, each defendant is entitled to an independent qualified immunity analysis as it relates to his actions. *Alcocer v. Mills*, 906 F.3d 944, 951 (11th Cir. 2018) (reversing and remanding when district court did not individually evaluate each defendant's specific actions and omissions and the district court did not look at evidence from the perspective of the officers). When a district court fails to engage in such individual analysis, we will reverse a denial of summary judgment and remand for the district court to engage in such individual determinations. *Id.* at 952.

To show that a defendant is not entitled to summary judgment on qualified immunity grounds, the plaintiff must show that a reasonable jury could find both that the defendant violated a constitutional right and that the constitutional right was clearly established. *Id.* at 1267. We have held that a right may be clearly established for qualified immunity purposes through: (1) case law with indistinguishable facts clearly establishing a constitutional right; (2) a broad statement of principle within the Constitution, statute, or case law that clearly establishes a constitutional right; or (3) the conduct was so egregious that a constitutional right was clearly violated, even in the complete absence of case law. *Lewis v. City of W. Palm Beach, Fla.*, 561 F.3d 1288, 1291–92 (11th Cir. 2009). "Exact factual identity with a previously decided case is not required," but rather, the key inquiry is whether the law provided the official with "fair warning" that his conduct violated the constitution. *Coffin v. Brandau*, 642 F.3d 999, 1013 (11th Cir. 2011) (quotation marks omitted). This inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Id.* (quotation marks omitted). However, if there is no caselaw directly on point, general statements of the law and the reasoning of prior cases may provide fair warning of unlawful conduct if they "clearly apply" to the novel factual situation at issue. *Mercado v. City of Orlando*, 407 F.3d 1152, 1159 (11th Cir. 2005).

To determine whether a pretrial detainee's right to be free from the use of excessive force under the Fourteenth Amendment has been violated, he must show

4

that the force used against him was objectively unreasonable, which is a fact-specific inquiry. *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473 (2015). "A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight," taking into account the government's need to manage the facility and deferring to policies and practices officials use to preserve order, discipline, and security. *Id.* Considerations in determining the reasonableness of force include: the relationship between the need for force and amount used; the extent of the injury; efforts made by the officer to limit the amount of force; the severity of the security problem; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting. *Id.*

Here, the district court erred in two ways. First, it erred in not viewing the evidence from the perspective of a reasonable officer. *See Kingsley*, 135 S.Ct. at 2473. Instead, the district court listed Mathews's contentions in conjunction with the officers' contentions, but it did not indicate that it was looking at the evidence from the viewpoint of an officer at the scene, such as the need to keep order in the facility. *Id.* Thus, the district court did not view the evidence using the proper standard.

Second, the district court erred in not engaging in an individualized qualified immunity analysis for each defendant. *See Alcocer*, 906 F.3d at 951. Instead of

engaging in a qualified immunity analysis for each defendant, the district court instead referred to the defendants collectively in determining that they were not entitled to qualified immunity. Because the officers are entitled to an individualized qualified immunity analysis, this constituted error.

While viewing the evidence from the perspective of a reasonable officer and applying an individualized analysis might have led the district court to the same conclusions, it is also possible that it could have reached a different conclusion, whether in whole or in part. Accordingly, the district court's omissions cannot be disregarded as harmless. *See* Fed. R. Civ. P. 61. We therefore vacate the denial of summary judgment and remand with instructions to properly engage in the qualified immunity analysis.

**VACATED AND REMANDED.**

6